UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

LAURA TORRES and LOURDES BARTOLOME,

    Plaintiffs,

**JURY TRIAL DEMANDED**

v.

CAFÉ FARAYA, INC., a Florida corporation, and
NESTOR FERMIN AMADOR,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiffs, LAURA TORRES ("TORRES"), and LOURDES BARTOLOME, ("BARTOLOME"), by and through their undersigned attorney, files this, their Complaint for Damages against Defendants, CAFÉ FARAYA, INC., a Florida corporation, (hereinafter "CAFÉ FARAYA"), and NESTOR FERMIN AMADOR, hereinafter ("AMADOR") and state as follows:

### INTRODUCTION

1. This is an action to recover unpaid overtime and minimum wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq*, (hereinafter "FLSA"), and the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution and Fla. Stat. §448.110.

### JURISDICTION

1. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331. At all times pertinent to this Complaint, the corporate Defendant, CAFE

FARAYA, was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, the Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

2. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

3. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

## VENUE

4. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida; and,

   b. Defendant is and continues to be a corporation and an individual doing business within this judicial district.

## PARTIES

5. At all times material hereto, Plaintiffs, TORRES and BARTOLOME, were "employee[s]" of the Defendants within the meaning of the FLSA.

6. At all times material hereto, Defendants, CAFE FARAYA, and AMADOR were the employers of Plaintiffs.

7. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA.

8. At all times material hereto, Defendants knowingly and willfully failed to pay Plaintiffs, TORRES and BARTOLOME their lawfully earned wages in conformance with the FLSA.

9. At all times material hereto, the corporate Defendant, CAFE FARAYA was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

10. At all times material hereto, the work performed by Plaintiffs, TORRES and BARTOLOME was directly essential to the business performed by the Defendants.

11. Plaintiffs, TORRES and BARTOLOME have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

### STATMENT OF FACTS

12. In or about 2002, Plaintiff, TORRES began working for Defendants as a server.

13. Plaintiff, TORRES' employment terminated on or about May 8, 2010.

14. Defendants paid Plaintiff, TORRES a daily rate of $10.00 day

15. In or about 2004, Plaintiff, BARTOLOME began working for Defendants as a server.

16. Plaintiff, BARTOLOME's employment terminated on or about October 16, 2010.

17. Defendants paid Plaintiff, BARTOLOME a daily wage of $10.00 per day.

18. Defendants knowingly and willfully operated their business with a policy of not paying wages in conformance with the FLSA, to the Plaintiffs.

19. Defendant, AMADOR was a supervisor and/or manager who was involved in the day-to-day operations and/or was directly responsible for the supervision of Plaintiffs. Therefore, he is personally liable for the FLSA violations.

20. Defendant, AMADOR was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiffs.

21. Plaintiffs have retained Bober & Bober, P.A. to represent them in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

22. Plaintiffs reallege Paragraphs 1 through 21 as if fully stated herein.

23. Since Plaintiffs' date of hire with Defendants, in addition to Plaintiffs' normal regular work week, Plaintiffs worked additional hours in excess of forty (40) per week for which they were not compensated at the statutory rate of time and one-half.

24. Plaintiffs were entitled to be paid at the rate of time and one-half for their hours worked in excess of the maximum hours provided for in the FLSA.

25. Defendants failed to pay Plaintiffs overtime compensation in the lawful amount for hours worked by Plaintiffs in excess of the maximum hours provided for in the FLSA. Plaintiffs were entitled to be paid at the rate of time and one-half for all their hours worked in excess of the maximum hours provided for in the FLSA.

26. Records, if any, concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs are in the possession and custody of the Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, they will then seek leave of Court to amend their Complaint for Damages to set forth the precise amount due them.

27. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when they knew or should have known such was due.

28. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

29. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

30. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs have suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

31. Plaintiffs are entitled to an award of their reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against the Defendants:

    a. Declaring that Defendants, have violated the maximum hour provisions of 29 U.S.C. § 207;

    b. Awarding Plaintiffs overtime compensation in the amount calculated;

    c. Awarding Plaintiffs liquidated damages in the amount calculated;

    d. Awarding Plaintiffs reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e. Awarding Plaintiffs post-judgment interest; and

    f. Ordering any other and further relief this Court deems to be just and proper.

## COUNT II

### VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

32. Plaintiffs reallege Paragraphs 1 through 21 of this Complaint as if fully set forth herein.

33. Plaintiffs' employment with the Defendants was to consist of a normal workweek for which they were to be compensated at or above the FLSA minimum wage.

34. 29 U.S.C. § 206 and requires that any non-exempt employee covered by the FLSA be paid their minimum wages.

35. Plaintiffs worked hours for the Defendants for which they were paid below the FLSA statutory minimum wage.

36. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiffs respectfully request:

a. judgment in their favor for all unpaid minimum wages due or payable;

b. liquidated damages;

c. attorney's fees and costs pursuant to the FLSA;

d. post-judgment interest;

e. Declaratory relief pursuant to the FLSA finding that employees, including Plaintiffs, who worked for the Defendants within the last three years were not paid minimum wage for all hours worked as required by the Act; and

f. all other and further relief this Court deems to be just and proper.

## COUNT III

### VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION (FLORIDA MINIMUM WAGE AMENDMENT)

37. Plaintiffs reallege Paragraphs 1 through 21 as if fully stated herein.

38. Pursuant to Article X, Section 24 of the Florida Constitution, Defendants were required to pay Plaintiffs at least the applicable Florida minimum wage.

39. During Plaintiffs' employment, Defendants paid them less than the statutory minimum wage for all of their work hours.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor against the Defendants:

- a. Declaring that Defendants violated Article X of the Florida Constitution, insofar as failing to pay Plaintiffs at or above the minimum wage;
- b. Awarding Plaintiffs all back wages due and owing;
- c. Awarding Plaintiffs liquidated damages in the amount equal to their back wages;
- d. Awarding Plaintiffs reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const.;
- e. Awarding Plaintiffs prejudgment and post-judgment interest;
- f. Finding that Defendants willfully violated Article X Fla. Const., and ordering Defendants to pay a $1,000.00 fine to the State of Florida for *each* such willful violation;
- g. Declaratory relief pursuant to the Florida Constitution and Florida Statutes finding that employees, including Plaintiffs, who worked for the Defendants within the last five years were not paid minimum wage for all hours worked as required; and
- h. Awarding such other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: November 30, 2011.

Respectfully submitted,
BOBER & BOBER, P.A.
Attorneys for Plaintiffs
1930 Tyler Street
Hollywood, Florida 33020
Telephone: (954) 922-2298
Facsimile: (954) 922-5455
peter@boberlaw.com
samara@boberlaw.com

By: s/. Peter Bober
PETER J. BOBER
FBN: 0122955
SAMARA ROBBINS BOBER
FBN: 0156248